# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN RIDDICK, | ) | CASE NO. 7:20CV00096 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JEFFERY B. KISER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This case is presently before the court on Plaintiff Steven Riddick's motion seeking a preliminary injunction directing officials at Red Onion State Prison ("Red Onion") to transfer him to a different prison facility until litigation of his pending civil rights actions is completed. After review of Riddick's submissions, the court concludes that his motion seeking interlocutory injunctive relief must be denied.

Riddick filed two civil rights complaints, pursuant to 42 U.S.C. § 1983, Case Nos. 7:20CV00081 and 7:20CV00096, alleging various violations of his constitutional rights by dozens of Red Onion prison officials,. The court advised Riddick in each case that his proposed claims violated the Federal Rules of Civil Procedure governing joinder of claims and defendants and directed him to file an Amended Complaint in each case that was consistent with those rules. Riddick did so. In this case, No. 7:20CV00096, Riddick is pursuing related claims concerning events that occurred on February 1-14, 2019, when he was allegedly placed in a dirty cell, sprayed with OC gas, and then denied medical care for the effects of the altercation.

In Riddick's present motion seeking interlocutory relief, he raises entirely new allegations about events that have happened since he mailed his initial § 1983 Complaints to the court in January 2020. He alleges that: he was denied recreation and showers on twelve occasions in February 2020; his chronic care visits were cancelled several times with no reasons

given; his dental cleaning was cancelled and not rescheduled until late May 2020; on February 14, 2020, an officer cursed at Riddick, threatened to put him on strip cell status, and told him not to ask for any more complaint forms; on two occasions in February 2020, another officer threatened to do bodily harm to Riddick when he came out of his cell; on one occasion in January, another Officer Mullens gave Riddick a dirty toilet paper roll and other officials refused Riddick's request to have the roll tested for feces; officers have purposely hit Riddick with cuffs or shackles on several occasions, or mounted these restraints too tightly on his wrists or ankles; on February 26, 2020, while officers were walking Riddick to the shower, they talked about wanting to beat someone up; on February 21, 2020, an officer threatened to write a disciplinary charge against Riddick for damaging a meal tray that had been delivered to him already damaged; Riddick has not received laundered towels on schedule; and he has not been offered timely "psychiatric physicals" for weeks.  See gen. Mot Prel. Inj., ECF No. 9.

Riddick has also provided additional documentation and allegations about his desire for interlocutory relief, ECF Nos. 14, 18, and 19.[1]  In the first of these submissions, he complains that: he bathes with his hat, because he has not received clean towels; a piece of legal mail he received had been torn open; inadequate access to the electronics kiosk has caused his tablet to lock up, leaving him without access to emails and entertainment; and a counselor who picked up two money withdrawal requests from his cell door failed to turn them to the business office for processing.  The other submissions allege that: an inhaler ordered for him was delayed in March; because of the coronavirus precautions, he has not been scheduled to see a nerve specialist as recommended by a doctor; he is experiencing mental health symptoms and has been scheduled to see the psychiatrist; and he has had more problems with his meal trays being damaged.  The court will construe and grant these three submissions as amendments to the initial motion.

---

[1] In each of his two cases, Riddick has filed the same motion and additional supporting documents.

Riddick broadly asserts that these many alleged, diverse occurrences are retaliatory and have caused him to fear for his safety at Red Onion. For these reasons, he asks for a court order directing officials to transfer him to another prison during the litigation of his pending cases.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id. Riddick fails to state any facts showing that the defendants' conduct described in the Amended Complaint (past incidents of alleged excessive force and denial of adequate medical treatment) also caused each of the later incidents he alleges in the current motion.[2] Because Riddick asks for preliminary injunctive relief not clearly related to the claims in his Amended Complaint, the court cannot find that he is entitled to the extraordinary remedy he is seeking and will deny his motion as amended. An appropriate order will enter this day.

ENTER: This __5th__ day of June, 2020.

_____
Senior United States District Judge

---

[2] Furthermore, Riddick's merely conclusory assertion of retaliation is not sufficient to connect the new allegations about adverse treatment to his pending lawsuits or to state any actionable retaliation claim under § 1983. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (requiring more than conclusory assertion of retaliation to state § 1983 claim); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (requiring inmate to show likelihood of imminent, irreparable harm, success on the merits of his claims, and other factors to warrant interlocutory injunctive relief).