IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | CASE NO. 7:20CV00096 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JEFFREY B. KISER, ET AL., | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This case is presently before the court on Plaintiff Steve Riddick's motion seeking interlocutory injunctive relief.  After review of Riddick's submissions, the court concludes that his motion must be denied.

In this case, Riddick is pursuing related claims concerning events at Red Onion State Prison ("Red Onion") in February 2019, when he was allegedly placed in a dirty cell, sprayed unnecessarily with O.C. spray, and denied medical care and grievance materials thereafter.  Some defendants have filed an answer to the complaint, while others have filed a motion to dismiss, which is pending.

In Riddick's present motion for interlocutory relief, he raises entirely new allegations about events that have happened at Red Onion in 2020.  He alleges that:  on July 17, 2020, while Riddick was restrained to a table in the pod near the kiosk, officers allowed another inmate to assault Riddick; on September 3, 2020, officers ransacked Riddick's cell, damaged photographs and unspecified legal documents, and stole stamps and headphones, without using the proper confiscation form; an officer later returned the headphones, and then shoved Riddick into a shower, fastened his leg irons too tightly, and threatened him with bodily harm; on September 17, 2020, while Riddick was in the shower, an officer allowed another inmate to pour water down a vent to flood Riddick's cell and then required him to enter and stay in the flooded cell for four hours; and

before escorting Riddick to a shower, an officer "pulled [his] wrist repeatedly in [his] traybox" and threatened to hit him in the head with handcuffs. Mot. 3, ECF No. 69. Riddick asserts that he suffers from mental health maladies such that these incidents have caused him mental and emotional distress. He does not state what relief he wants the court to order.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id. Riddick fails to state any facts showing that the official conduct of which he complains in this motion for interlocutory injunctive relief was caused or motivated by the official conduct alleged in this civil action, which concerns events that occurred in July of 2019.[1] Because Riddick asks for interlocutory relief not clearly related to the claims in his Amended Complaint in this case, the court cannot find that he is entitled to the extraordinary remedy he is seeking and will deny his motion as supplemented. An appropriate order will enter this day.

**ENTER**: This  25th  day of November, 2020.

_____
Senior United States District Judge

---

[1] Riddick asserts that some officers involved in the events described in his motion and its supplement are defendants in this case or another lawsuit he has filed. Perhaps he is suggesting that their actions constitute retaliation for those lawsuits. However, such vague and merely conclusory assertions of retaliation are not sufficient to connect the new allegations about adverse treatment to Riddick's pending lawsuits or to state any actionable retaliation claim under § 1983. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (requiring more than a conclusory assertion of retaliation to state a § 1983 claim); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (requiring an inmate to show a likelihood of irreparable harm, success on the merits of his claims, and other factors to warrant interlocutory injunctive relief).