IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **STEVE RIDDICK,** | ) | **CASE NO. 7:20CV00096** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JEFFREY B. KISER, <u>ET</u> <u>AL.</u>,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

This case is presently before the court on Plaintiff Steve Riddick's motion seeking interlocutory injunctive relief, ECF No. 118. After review of Riddick's motion and the record, the court concludes that his motion must be denied.

In this case, Riddick is pursuing claims concerning events at Red Onion State Prison ("Red Onion") in February 2019, when he was allegedly placed in a dirty cell, sprayed unnecessarily with O.C. spray, and denied medical care and grievance materials thereafter. The parties' cross-motions for summary judgment and a motion to dismiss are currently pending.

In Riddick's present motion for interlocutory relief, he raises entirely new allegations about events at Red Onion in 2020. He complains that on December 29, 2020, an officer told him that he would never win his lawsuits, because no fact finder would believe his stories contradicting prison officials' version of events. The officer then allegedly threatened to tag Riddick as a snitch and served him a dirty food tray with meat on it that allegedly caused Riddick to have stomach troubles for which he sought medical care.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." <u>Omega World Travel v. TWA</u>, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion

and the conduct asserted in the complaint." Id.  Here, Riddick fails to state any facts showing that the official conduct of which he complains in his current motion was caused or motivated by the official conduct at issue in this civil action, which concerns events that occurred in July of 2019.[1] Because Riddick asks for interlocutory relief not clearly related to the claims in his amended complaint in this case, the court cannot find that he is entitled to the extraordinary remedy he is seeking and will deny his motion.  An appropriate order will enter this day.

    **ENTER**:  This \_\_25th\_\_ day of January, 2021.

                                                                    /s/ Conrad

                                                                  Senior United States District Judge

---

[1] Moreover, Riddick's allegations offer no indication that before filing his motion, he exhausted available administrative remedies to the highest available level of review under the applicable procedures, as required in 42 U.S.C. § 1997e(a).  Accordingly, in addition to being unrelated to the claims in this action, his new claims in his motion appear to be futile.  Therefore, the court will not construe the submission as a motion to amend.