## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

|  |  |  |  |
|---|---|---|---|
| **STEVE RIDDICK,** | ) | **CASE NO. 7:20CV00096** | |
| **Plaintiff,** | ) | | |
| **v.** | ) | **MEMORANDUM OPINION** | |
| | ) | | |
| **JEFFERY B. KISER,** *et al.,* | ) | **By:** Hon. Thomas T. Cullen | |
| **Defendants.** | ) | United States District Judge | |

Plaintiff Steve Riddick, a Virginia inmate proceeding pro se, has filed two motions for a preliminary injunction. (ECF Nos. 139, 175.) The court previously denied a motion for interlocutory injunctive relief, (Order, Jan. 25, 2021 [ECF No. 120], one of several such motions filed by the plaintiff. For the reasons stated below, the present motions must also be denied.

In this case, Riddick is pursuing claims concerning events at Red Onion State Prison ("Red Onion") in February 2019, when he was allegedly placed in a dirty cell, sprayed with O.C. spray, and denied medical care thereafter. The parties' cross-motions for summary judgment and a motion to dismiss are currently pending and will be separately addressed.

The motion for interlocutory relief that the court previously denied raised entirely new allegations about events at Red Onion in December 2020. Riddick complained about Officer B. Phillips telling him that he would lose his lawsuits and threatening to tag Riddick as a snitch. Riddick also alleged that Phillips served him a dirty food tray that caused Riddick to become sick.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."

*Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Thus, to warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Finding that Riddick had not stated facts showing any such relationship between his new allegations and the defendants' misconduct alleged in the underlying amended complaint, the court denied interlocutory relief.

In his first motion for a preliminary injunction, Riddick seeks a keep-separate order against Officer Phillips, based on the allegations in the prior motion. (ECF No. 139.) Riddick does not state any additional facts in that motion. Accordingly, the court will deny this motion because the relief sought bears no relationship to the allegations in Riddick's Amended Complaint or the alleged wrongs his lawsuit aims to address.

The other pending motion for interlocutory injunctive relief complains that in January 2021, shortly after Officer Phillips allegedly served Riddick a dirty food tray, Riddick was diagnosed with "H plori." (Mot. Prelim. Injunc. 1 [ECF No. 175].) Riddick also claims that he tested positive for this condition again in July 2021. He alleges that he has suffered symptoms consistent with this diagnosis, which may also lead to cancer. Medical staff have allegedly ignored Riddick's requests to be tested for cancer and, according to Riddick, the entire situation has caused him increased anxiety, depression, paranoia, and other emotional and physical distress. He believes "that [his] medical situation may cause [him] irreparable harm if not fixed." (*Id.* at 3.) He asks the court to help in any way possible. Because Riddick asks for interlocutory relief that is not related to the claims in his Amended Complaint, the court cannot find that he is entitled to the extraordinary remedy he is seeking and will deny his motion.

Denial of this motion does not prevent Riddick from pursuing claims about these events in a new and separate civil action, subject to any appliable statute of limitations and compliance with the requirement to exhaust administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a). The court makes no finding here as to the potential merit of any possible claims based on the events alleged in Riddick's motions for interlocutory injunctive relief.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 24th day of September, 2021.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE