IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20cv00096 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JEFFERY B. KISER, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

On March 28, 2023, a jury returned a verdict for the defendants after a two-day trial. Plaintiff Steven Riddick has now filed a notice of appeal and several post-trial motions. These motions primarily reiterate arguments that the court has already rejected; his new arguments are without merit.

Riddick first moves for preservation of the "Max Pro" video footage of the trial. (Mot. 1 [ECF No. 295].) The Western District of Virginia prohibits photography, sound, and video broadcasting or recording of any civil or criminal proceeding. *See* W.D. Va. Loc. R. 5. Because no such video exists,[1] Riddick's motion regarding video footage of the trial will be denied.

Riddick also moves for sanctions against Investigator Fannin for inaccurate testimony and for failing to save additional video footage (ECF Nos. 298 & 299). The available video of Riddick's pod from February 1, 2019, that the jury viewed at trial showed officers removing him from his cell around 3:45 p.m., searching his property, and placing him back into his cell.

---

[1] To the extent Riddick's motion is seeking preservation of the MaxPro footage of the incident that formed the basis for his complaint, all exhibits admitted into evidence are maintained until all appeals (or time to notice an appeal) have concluded.

Defendant Mannon testified that after that search, he left for a time, returned to Riddick's cell ten minutes later, heard Riddick's complaint about the water pressure being too high, and entered the pipe chase to adjust it. Riddick claims that during that second entry of the pipe chase, around 4:00 p.m., Mannon sprayed OC spray[2] into his cell through the vent. Fannin did not download video footage of this alleged second incident. Accordingly, Riddick wants the court to sanction Fannin for spoliation of evidence.

The court previously granted Fannin's motion to dismiss, so he is no longer a party to this lawsuit. *Riddick v. Kiser*, No. 7:20CV00096, 2021 WL 4453667 (W.D. Va. Sept. 29, 2021). Rule 37(e) of the Federal Rules of Civil Procedure authorizes sanctions for spoliation only against parties to the case. But more importantly, Riddick did not make his current claim in his pretrial motions alleging spoliation. Rather, he claimed that the videos provided showed officers reenacting the events of February 1, 2019, using another inmate. The court found no evidence that anyone intentionally destroyed evidence, let alone a *party* to this proceeding, and ruled that the evidentiary weight and authenticity of the video evidence would be an issue for the jury to decide. In addition, the court provided a special instruction to the jury on how to assess this issue. The court is satisfied that this ruling was correct under Rule 37(e),[3] and Riddick's motions for sanctions and spoliation (ECF Nos. 298 & 299) will be denied.

---

[2] Oleoresin Capsicum or "O.C. spray" is a chemical agent similar to what is commonly known as pepper spray or mace. It irritates a person's eyes, throat, and nose. *See Park v. Shiflett*, 250 F.3d 843, 848-49 (4th Cir. 2001) (describing the physiological effects of OC spray).

[3] The court permitted Riddick to argue at length during the trial about the authenticity of the available video and the failure to preserve some relevant footage. The court also instructed the jurors that they could consider the failure to preserve video footage in determining the credibility of any of the trial witnesses. The jurors' verdict reflects that they did not find Riddick's version of events to be credible.

Furthermore, although Defendant Mannon admitted entering the pipe chase a second time, he denied spraying any OC spray at any time on February 1, 2019. It is undisputed that the surveillance camera footage would not have depicted Mannon's actions inside the pipe chase. Thus, the court simply cannot find that lack

Riddick also moves the court to vacate the jury's verdict and enter judgment in his favor. (ECF No. 300.) Under Federal Rule of Civil Procedure 50(a), after a party has been fully heard on an issue, if the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law against the party on a claim . . . ." Fed. R. Civ. P. 50(a)(1)(B). "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). A new trial may be granted after the conclusion of a jury trial. Fed. R. Civ. P. 59(a)(1)(A). "A court, however, may not disturb the verdict where there was sufficient evidence for a reasonable jury to find in the non-movant's favor." *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 292 (4th Cir. 2009) (citing *Lack v. Wal-Mart Stores, Inc.*, 240 F.3d 255, 259 (4th Cir. 2001). "A trial court may not appropriately enter [judgment as a matter of law] unless it concludes, after consideration of the record as a whole in the light most favorable to the non-movant, that the evidence presented supports only one reasonable verdict, in favor of the moving party." *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 458 (4th Cir. 1989) (citations omitted).

"The burden falls heavily upon a party seeking to set aside a jury verdict, for it is well established that the court must view the jury verdict in the light most favorable to the party in whose favor it is found, and such a party is entitled to the benefit of all inferences which the evidence fairly supports, even though contrary inferences might be drawn." *Hackett v. Stuckey's,*

---

of video footage of Mannon's second entry of the pipe chase prejudiced Riddick's case to any significant extent. *See* Fed. R. Civ. P. 37(e)(1) (providing that court "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice").

*Inc.*, 670 F. Supp. 172, 173 (W.D. Va. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). "Issues of fact are left to the determination of the jury, whose duty it is to determine the credibility of the witnesses, and the court should not substitute its judgment for that of the jury in disputed cases." *Id.* (citing *Jacobs v. The College of William & Mary*, 517 F. Supp. 791, 794 (E.D. Va. 1980)). "Only in those rare situations where the jury's verdict is wholly contrary to the law or the evidence, or without evidence to support it, is it proper for the court to grant judgment *non obstante verdicto*. The applicable standard permits the court to grant the judgment [*non obstante verdicto*] only when 'the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict.'" *Id.* (quoting *Brady v. S. Ry. Co.*, 320 U.S. 476, 479–80 (1943)).

Riddick argues that the court should vacate the jury's verdict because, in his view, it *could* have inferred from the trial evidence that the defendants took the actions Riddick has alleged. But after hearing two days of testimony and reviewing the evidence, the jurors elected *not* to make that inference; in their determination, Riddick failed to prove his case under the applicable legal standards. Implicitly, they found the defendants' version of events to be more credible than Riddick's version, and the court entered judgment in the defendants' favor based on the jury's unanimous verdict. Moreover, even if the court were empowered to supplant its opinion for the jury's, it would be compelled, by the trial evidence and reasonable inferences from that evidence, to reach the same conclusion as the jury did—that Riddick failed to prove his claims by a preponderance of the evidence.

Riddick's motion to vacate also complains about several evidentiary rulings the court made during the trial. The court has reviewed these rulings and is satisfied that they were neither erroneous nor prejudicial to the jurors' consideration of the case.

In conclusion, Riddick's arguments come nowhere close to the "heavy burden" necessary to vacate the jury's verdict. *Burke v. Spartanics, Ltd.*, 252 F.3d 131, 136 (2nd Cir. 2001). Riddick had his day in court, and the jury found against him. Such is the fate of half of all litigants who make it to trial. Finding no miscarriage of justice in this case, the court sees no basis to upset the jury's verdict.

For these reasons, it is **ORDERED** that Riddick's post-trial motions (ECF Nos. 295, 298, 299, and 300) are **DENIED**.

The clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 20th day of April, 2023.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE